## TREDWELL *v.* LINCOLN.

(*Supreme Court, General Term, Second Department.* May 18, 1889.)

1. NEGOTIABLE INSTRUMENTS—INDORSEMENT—RIGHTS OF INDORSEE.

   One who takes a promissory note before maturity, in payment of a pre-existing debt, takes it subject to the equities existing between the original parties, though he has no notice thereof.

2. SAME.

   The facts that a note was given for advances, under an agreement that such advances were to be repaid out of the proceeds of sales of property, and the note destroyed, and that the payee agreed not to transfer the note, constitute no defense to an action thereon by an indorsee where the advances were not repaid.

Appeal from judgment on report of referee.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Frank Moss,* for appellant.  *Cephas Brainerd* and *Cephas Brainerd, Jr.,* for respondent.

DYKMAN, J. This is an appeal from a judgment entered on the report of a referee. The action was brought upon a promissory note made by the defendant, Jonás A. Lincoln, to William M. Bruce, for $3,500, and indorsed and delivered over to the plaintiff, Ella Tredwell, who now claims to be the owner thereof. The defense to the note arises in this way: Prior to June, 1886, the defendant employed Mr. Bruce, the payee of the note, who was a lawyer, to purchase for him certain real estate in the city of Brooklyn, and gave him about $5,000, to use in making the purchase. The property was

purchased, and in the latter part of June, 1886, the defendant requested Mr. Bruce to advance to him upon the property the sum of $3,500, to be repaid from the proceeds of the sales; and the money was so advanced, and the note in suit was given for that money, the insistence of the defendant being that it was to have the legal effect of a receipt only, and was not to be indorsed or negotiated or transferred to any person, but was to be held by Mr. Bruce, who was to deduct the amount from the proceeds of the sales as they were realized, and destroy the note. Such, doubtless, was the understanding of the transaction by the defendant, but whether such was the legal effect of the transaction is very questionable. The referee has found that the money was loaned to the defendant, and that the note was given for such loan, and that before the maturity of the note it was transferred by the payee, for value received, to the plaintiff, without notice of any equities in the defendant, Lincoln, in respect to the note, except that it was transferred to and taken by the plaintiff in payment of a pre-existing debt, and that the plaintiff parted with no new consideration therefor. The facts so found are sustained by the testimony, and the inferences which may be legitimately drawn therefrom. The reception of the note by the plaintiff in payment of a pre-existing debt, without parting with any new consideration, was sufficient to give her title to the note, but no better title than the original payee had before its transfer, and she received it subject to the equities existing between the original parties. There was a sufficient obligation on the part of Mr. Bruce to support the transfer of the note to her, so that the question between the plaintiff and the defendant is the same as it would be if the action had been brought upon the note by Mr. Bruce himself.

In respect to the equities between the maker and the payee of the note, it does not appear that Mr. Bruce was indebted to the defendant at the time the note was given, and the statement of Mr. Bruce that the note would not be transferred or negotiated was entirely insufficient to prevent him from maintaining an action upon it at any time, and so far as we can discover, if an action had been brought upon it when it became due, it could have been maintained, and the defendant could have made no successful defense in such an action. It is a sufficient test of that position that the defendant at that time could have maintained no action against Bruce for money then in his hands belonging to the defendant or for any other reason. The plain purport of the transaction between the parties at the time of the execution of this note is this: Sales had been made of some of the property which had been purchased for the defendant, and he desired to realize or obtain some money, and he asked for the advancement of some money in expectation of its future receipt from the sales of the land. His lawyer was willing to make such advances, and give him money, but only on the receipt of a note, which the defendant consented to give. There is no proof of any fraud or misconception in the transaction, and if the subsequent transfer of the note by the payee to Mrs. Tredwell was not expected by the defendant, or was not at the time intended by the payee, or even if he at that time expected and intended to receive sufficient money from the proceeds of the land to pay the note, and to destroy it in that event, which expectations were not realized, and which intentions were not carried into effect, they all constitute no defense to this action, and we see no escape for the defendant from the payment of the notes. The judgment appealed from should therefore be affirmed, with costs. All concur.